# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HUBBARD/DOWNING, INC., : | |
| d/b/a HANS PERFORMANCE : | |
| PRODUCTS, : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. |
| : | 1:09-CV-2436-RWS |
| v. : | |
| : | |
| IMPACT RACING, LLC, : | |
| : | |
| Defendant. : | |

## TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY

Plaintiff HUBBARD/DOWNING, INC., d/b/a HANS PERFORMANCE PRODUCTS ("HANS Performance Products"), has moved this Court for a temporary restraining order, a preliminary injunction, and an order permitting expedited discovery, on the grounds that IMPACT RACING, LLC ("Defendant") appears to be selling and offering for sale goods bearing counterfeits of HANS Performance Products' registered trademark.

The Court conducted a telephonic hearing on the Motion on September 4, 2009. Having reviewed the Complaint, the Motion, the Brief, and all

supporting declarations and exhibits submitted by Plaintiff, as well as arguments of counsel, the Court finds and concludes as follows:

1. Plaintiff provided notice of the Motion to Defendant on September 3, 2009, at approximately 9:30 p.m., by emailing a copy of this Motion and its supporting papers to counsel for Defendant, Robert B. Horn. Counsel was also notified telephonically on the morning of September 4, 2009. Mr. Horn participated in the hearing on behalf of Defendant.

2. HANS Performance Products has demonstrated, for purposes of its Motion for a Temporary Restraining Order, a substantial likelihood of success on the merits of its claims arising out of the Lanham Act, including:

   a. a substantial likelihood of success on the merits of its counterfeiting claim based on Defendant's sale and offering for sale of Post Anchors falsely bearing HANS Performance Products' registered HANS mark; and

   b. a substantial likelihood of success on the merits of its trademark infringement claim based on Defendant's sale and offering for sale of counterfeit Post Anchors in advertising bearing HANS Performance Products' registered HANS mark.

AO 72A
(Rev.8/82)

3. Defendant's counterfeiting and trademark infringement has caused and will cause irreparable injury to HANS Performance Products. The Court finds that the balance of the harms favors HANS Performance Products, and the public interest would be served by enjoining Defendant's unauthorized sale of products bearing HANS Performance Products' registered HANS mark and unauthorized sale of Defendant products in packaging bearing HANS Performance Products' registered HANS mark.

4. HANS Performance Products is entitled to a temporary restraining order pursuant to 15 U.S.C. §§ 1114(a) and 1125(a).

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

I. Pending a hearing and determination of HANS Performance Products' motion for preliminary injunction:

    a. Defendant, its agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert or participation with any Defendant or on any Defendant's behalf are temporarily restrained and enjoined from:

        i. Manufacturing, distributing, offering for sale, selling or advertising any and all unauthorized merchandise including, but not limited to, post anchors bearing the HANS®

3

Trademark, and

    ii. Representing that any unauthorized article distributed, sold, held for sale, or advertised by Defendant is sponsored by or authorized by Plaintiff by use of copies or simulations of the HANS® Trademark or otherwise.

  b.    Defendant is required to retain any and all unauthorized merchandise bearing the HANS® Trademark in the possession, custody, or control of Defendant, its agents, servants, employees, attorneys, successors, assigns and customers, or any person, firm, or corporation acting in concert or participation with Defendant or on Defendant's behalf.

  c.    Other than pursuant to a discovery instrument propounded by HANS Performance Products or an order of this Court, Defendant is enjoined from moving, destroying, or otherwise disposing of any advertisements, catalogs, labels, prints, packages, wrappers, and products of any type that falsely bear HANS Performance Products' registered HANS trademark.

  d.    Other than pursuant to a discovery instrument propounded by HANS Performance Products or an order of this Court, Defendant is enjoined from moving, destroying, or otherwise disposing of

4

any business records or documents, whether in hard copy or electronic form, relating in any way to the manufacture, importation, purchase, sale, offer for sale, distribution, or receipt of any of the items set forth in the preceding paragraph.

   e. Defendant is required to have its representatives at all racing venues, inform Defendants' customers who are present at those venues that Defendant has determined that counterfeit post anchors were distributed by Defendant and that the customers should determine whether the post anchor the customer is using is counterfeit and thus, poses a safety risk to the customer.

   f. Defendant shall determine from its records the customers who may have received counterfeit post anchors and send them notice that counterfeit post anchors were distributed and that they pose a safety risk to the customer.

 II. SFI Foundation, Inc. ("SFI") participated in the hearing through counsel. During the hearing, SFI's counsel made an oral motion for leave to intervene as a party plaintiff in the action. Counsel for Defendant stated no opposition to the Motion. Accordingly, SFI's Motion to Intervene is **GRANTED**.

III.	Good cause having been shown, and the parties having agreed thereto, expedited discovery will be permitted in the case.  Plaintiff shall serve requests for production of document on Defendant requiring production by September 11, 2009.  Plaintiff shall also notice a Rule 30(b)(6) deposition for the week of September 14, 2009.  Following completion of this discovery, the parties shall contact the Courtroom Deputy Clerk to schedule a preliminary injunction hearing during the week of September 28, 2009.

IV.	By agreement of the parties, this Order shall remain in effect until further Order of the Court.

V.	Not later than 5:00 p.m. on September 9, 2009, Hans Performance Products shall post security in the amount of $15,000 for the payment of such costs and damages as may be incurred or suffered by any party who is subsequently found to have been wrongfully restrained or enjoined hereby.

**SO ORDERED**, this  4th  day of September, 2009.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

6